**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                            Civil No.00-257 JC /WWD
                                                   Crim. No. 96-220 JC

JOSE ALTAMIRANO,

    Defendant/Movant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION
Proposed Findings**

    1. This matter comes before the Court upon the motion of Defendant/Movant (hereinafter "Defendant") under 28 U.S.C. §2255, filed February 18, 2000, and again filed, as amended, April 17, 2000.

*Trial and Sentence*.

    2. Defendant was convicted after a jury trial of drug charges under 21 U.S.C.§ 841(a)(1) and § 841(b)(1)(A) (Count I- Conspiracy), and 21 U.S.C.§ 841(a)(1) and § 841(b)(1)(B) (Count V- possession with intent to distribute methamphetamine). On April 29, 1997, he was sentenced to 292 months on each count to run concurrently followed by 10 years supervised release as to Count I and 8 years as to Count V, and the Judgment and Sentence was filed on May 20, 1997.

    3. At Defendant's sentencing, his counsel objected to holding Defendant responsible for five (5) pounds of methamphetamine which were seized in connection with the arrest of another

1

person, a co-conspirator, in June 1995; and he also objected to the four (4) level increase in the guidelines because Defendant was classified as an "organizer or supervisor" in the crimes charged.

*The Appeal.*

4. The same issues set out in #3 above concerning the applicable guidelines were raised on appeal, and the Court of Appeals affirmed the trial court.

*The Post-Conviction Motion.*

5. In the amended Motion (hereinafter "Motion") filed April 17, 2000, Defendant raised the issues set out in #3 above; and, additionally, Defendant claims that he was provided ineffective assistance by his counsel, and that he was denied due process of law in connection with his sentencing.

*Response to the Motion.*

6. In response to the Motion, Respondent alleges:

    A. Defendant's Motion is untimely and it should be dismissed.

    B. Defendant did not receive constitutionally ineffective assistance of counsel.

    C. Applying a twenty year mandatory minimum to Defendant's sentence for a prior conviction did not violate due process.

    D. Co-defendant's exculpatory proffer in open court following the sentencing proceeding does not warrant a post-conviction review of Defendant's sentence.

*Ineffective Assistance of Counsel Claims*

. 7. The Motion alleges that Defendant's counsel was ineffective for the following reasons, to wit:

    A. The Petitioner's [Defendant's] counsel did not invoke, so the court did not

2

enforce and the Government did not satisfy the Government's burden of proof regarding the type of methamphetamine upon which the Petitioner's sentence was based; much to Petitioner's detriment.

B. Defendant's Counsel's failure to object to the exaggerated quantity of methamphetamine attributed to the Defendant constituted ineffective assistance.

C. Defendant's counsel's failure to move for severance of trials so a co-defendant could render an exculpatory testimony [sic.] on behalf of the defendant at a separate trial constituted ineffective assistance.

D. The Defendant's Counsel's failure in effective plea-bargaining; his gross misrepresentation of the Defendant's probability to prevail in trial; and his gross under-estimation of the consequence of a guilty verdict, constituted ineffective assistance.

*Due Process claims*

8. The Motion also alleges the following due process violations, to wit:

A. An application of twenty years minimum mandatary due to a "prior conviction" with respect to any resentencing of the Defendant would be violative of his constitutional right to due process of law.

B. Co-Defendant's exculpatory proffer in the open court with respect to the Petitioner following the sentencing proceeding warrants a post-conviction review of the Petitioner's sentence accordingly.

*Timing of Post-Conviction events*.

9. Defendant's conviction became final when the United States Supreme Court denied certiorari on February 22, 1999. United States v. Altamirano, 525 U.S. 1170 (1999). Defendant had one year from February 22, 1999, in which to seek relief under 28 U.S.C.§2255. The filing on February 18, 2000, contained no claims for relief under 28 U.S.C. §2255; however, it did mention the issues raised on direct appeal; namely, (1) holding Defendant responsible for 5 pounds of methamphetamine seized at the Amtrak station (from another defendant), and (2) the finding for guideline purposes that Defendant was a "leader or organizer" for purposes of enhancing

3

Defendant's sentence.

10. Under "Claim One" listed in paragraph 18. of the petition are the words "IISUES [sic.] TO BE RAISED IN A SEPARATE MEMORANDUM OF LAW". On the same date, a separate motion was filed seeking an enlargement of time in which to file a memorandum in support of the 2255 motion. The motion seeking the enlargement of time was granted and on April 17, 2000, an Amended Motion Pursuant to 28 U.S.C. §2255 with an accompanying memorandum in support was received by the Clerk and filed.

11. In Woodward v. Williams, 263 F.3d 1135 (10th Cir. 2001), at page 1142 the Court stated:

> [P]ursuant to Rule 15(c), an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory in the original motion may, in the District Court's discretion, relate back to the date of the original motion *if and only if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case*. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir.2000) (Emphasis supplied)

Following the reasoning of Woodward v. Williams, all the claims made in the attempted amendment were not timely raised under 28 U.S.C. § 2255(1). The portions of the instant motion dealing with those claims should be denied on that basis. Nevertheless, the allegations will be discussed briefly on their merits.

*Factual background for considering ineffective assistance of counsel claims*.

12. The "supporting facts'' in connection with Defendant's ineffective assistance of counsel claim set out in 7A above are as follows, to wit:

Defendant was sentenced in accordance with the Sentencing Guidelines promulgated in 1995 which set a base offense level of 34 for 3 to 10 kilograms of methamphetamine, and he

4

claims that the type of methamphetamine had to be proved under the equivalency table set out in the Guidelines in force before November 1995. The November 1994 Guidelines set a base offense level of 34 for "At least 3KG but less than 10 KG of Methamphetamine...." 1994 United States Sentencing Commission Guidelines Manual, p.80, §2D1.1(c)(3). No application of the equivalency table is required. There was no ineffective assistance for counsel's failing to raise this argument. Additionally, as set out below, Counsel did raise and contest the issue as to the quantity of methamphetamine which was being used in setting Defendant's sentence.

     13. The facts related to the ineffectiveness of defense counsel in failing to object to the quantity of methamphetamine considered at sentencing are as follows:

     Defense counsel filed nine detailed objections to the presentence report which attacked the inclusion of Defendant in the drug conspiracy, the quantity of methamphetamine attributed to Defendant for sentencing purposes, the quality of the information relied on by the United States, the claim that Defendant had sold 4 ounces of methamphetamine, the conclusion that Defendant and defendant Vera were partners in methamphetamine trafficking, and the conclusion that Defendant was an organizer or leader of a criminal activity. An objection to the claim that defendant had pending charges in Las Vegas, Nevada, was found to be valid and the presentence report so reflected.

     14. Additionally, at sentencing, Defendant's counsel vigorously pursued the objections; particularly, the arguments as to the quantity of methamphetamine attributed to Defendant for sentencing purposes, the length of time or inclusive dates that Defendant was found to be in the conspiracy and therefore charged with drug quantities then involved; and the conclusion that

defendant was "an organizer or supervisor." Transcript of Sentencing on April 29, 1997, pp.4-6. At sentencing, Defense counsel demanded and obtained an evidentiary hearing at which DEA Agent Steve Woodson testified addressing Defendant's role in the conspiracy, quantities of methamphetamine involved, sources of information and the corroboration of information. Id. pp. 8-13. Defense counsel thoroughly cross examined Woodson. Id., pp,.13-19. Woodson's testimony supported the conclusion that Defendant was a leader or organizer of the conspiracy and that the amounts of methamphetamine attributed to Defendant for sentencing purposes were correct. On direct appeal the Court of Appeals found that "the five pounds of methamphetamine was sufficiently linked to Defendant to support the court's sentence." 166 F. 3d 348.

15. The facts and law concerning Defendant's allegation of ineffective counsel based on counsel's failure to seek a severance are as follows:

Defendant's counsel did not seek a severance so as to allow Defendant a separate trial and to create the possibility of a co-defendant's testifying on behalf of Defendant. To prevail on such a claim Defendant must first show that counsel's representation was objectively unreasonable. E.g., Clayton v. Gibson, 199 F. 3d 1162, 1177 (10th Cir. 1999), cert. denied, 121 S. Ct. 100 (2000). In doing so, he must overcome the strong presumption that counsel's conduct falls within the wide range of conduct that is considered to be trial strategy and is deemed reasonable professional assistance. To be constitutionally ineffective, counsel's conduct must have been completely unreasonable, not merely wrong. Moore v. Gibson, 195 F. 3d 1152, 1178 (10thCir. 1999), cert. denied, 120 S. Ct. 2206 (2000); see also Hawkins v. Hannigan, 185 F. 3d 1146, 1152 (10th Cir. 1999).

16. The decision whether to sever counts is left to the discretion of the trial judge. E. g.,

United States v. Valentine, 706 F. 2d 282, 289 (10th Cir. 1983). A defendant must make a strong showing of prejudice, id., and that this prejudice outweigh[s] the expense and inconvenience of separate trials, United States v. Martin, 18 F. 3d 1515, 1518 (10th Cir.), cert. denied, 513 U. S. 868 (1994). The mere fact that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance. Valentine, 706 F. 2 at 289 (citing United States v. Strand, 617 F. 2d 571, 575 (10th Cir.), cert. denied, 449 U. S. 841 (1980)). Furthermore, the reasonableness of Defense counsel's actions may be determined or substantially influenced by Defendant's own statements or actions. Duvall v. Reynolds, 139 F. 3d 768, 777 (10th Cir.) (quoting Strickland, 446 U. S. at 691), cert. denied, 525 U. S. 933 (1998 ). Even if Defendant Harper's testimony could have been of assistance to the defense, it is not a foregone conclusion that he would have testified.

17. Additionally, Defendant also fails to show prejudice. To succeed on his ineffective assistance of counsel claims, Defendant must also establish prejudice; that is, absent counsel's errors, that there is a reasonable probability that the outcome of the trial would have been different. Moore v. Gibson, *supra* at 1178. Reasonable probability means that confidence in the outcome is undermined. Foster v. Ward, 182 F. 3d 1177, 1185 (10th Cir.1999), cert. denied, 529 U. S. 1027 (2000). The facts as developed at trial are not such that having Defendant Harper testify for Defendant would be at all likely to change the outcome of the trial. There is no lack of confidence in the trial outcome: it almost certainly have been the same with Harper's testimony. Defense counsel's failure to seek a severance did not make his representation of Defendant ineffective in a constitutional sense.

18. Defendant alleges that his counsel was ineffective for failing to plea bargain

7

effectively; for misrepresenting Defendant's sentencing exposure; and for underestimating the consequences of a conviction.

Defendant's counsel advised Defendant that the government would not plea bargain unless Defendant cooperated fully including testifying against his co-defendants. The proposed plea agreement prepared by the government corroborates this advice. Proposed Plea Agreement, ¶ 12. Defendant alleges that his counsel told him that his sentence would not be more than 10 years if he went to trial and was convicted instead of entering a plea and cooperating and getting a lesser sentence where he would serve his time with a "snitch jacket" for having "cooperated". Defendant allegedly based his decision to go to trial on the information above because he feared retaliation if he "cooperated". A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel. United States V. Gordon, 4 F.3d 1567, 1570(10th Cir. 1993) citing United States v. Estrada, 849 F.2d 1304, 1307 (10th Cir.1988).

On the basis of the facts set out above in ¶¶ 12-18 and the applicable law, Defendant's claims of ineffective assistance of counsel fail to demonstrate any constitutional deficiency in the performance of Defendant's counsel.

*Procedural Default.*

19. In federal courts, post-conviction motions are not allowed to serve as an appeal. Reed v. Farley, 512 U.S. 339, 354-355, 114 S.Ct. 2291 (1994), and cases cited therein. When, as here, a federal prisoner has failed to raise claims on direct appeal, he is required to establish "cause" for the waiver (i.e., a valid reason for failing to raise the claim) and he must show "actual prejudice" from the violation claimed. Id. Defendant has failed to show either the required "cause" or

"actual prejudice" which must be shown when he seeks post-conviction relief after taking an appeal from his conviction. He is not entitled to consideration of the procedurally defaulted claims in his post-conviction motion which are set out in ¶¶ 7 and 8 above.

### Recommendation

The Defendant's motion under 28 U.S.C. § 2255 should be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE